UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **BRADLEY D. PATTERSON** | **CIVIL ACTION NO. 09-1090-P** |
| **VERSUS** | **JUDGE STAGG** |
| **WARDEN JOHNNY SUMLIN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Bradley D. Patterson ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on June 29, 2009. Petitioner was incarcerated at the Claiborne Parish Detention Center in Homer, Louisiana when he file this petition. He challenges his state court conviction, sentence, and probation revocation. He names Warden Johnny Sumlin as respondent.

On July 22, 2002, Petitioner pleaded guilty to attempted distribution of a schedule II, controlled dangerous substance. He was sentenced to ten years imprisonment at hard labor. The trial court judge ordered the sentence suspended and placed Petitioner on four years supervised probation. On July 24, 2007, Petitioner was convicted of one count of creation and operation of a clandestine lab in Louisiana's First Judicial District Court, Parish of Caddo. The trial court judge revoked his probation and sentenced him to 12 years imprisonment at

hard labor.

In support of this petition, Petitioner alleges (1) he received ineffective assistance of counsel; (2) his conviction is illegal, the probation hold was illegal, his revocation hearing was illegally suspended, and he was denied due process; (3) the trial court judge committed perjury; (4) the traffic stop was illegal; (5) the time limit to commence trial expired; and (6) justice was obstructed when he was denied access to the court.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971); Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner admits that his writ of habeas corpus and application for post conviction relief is pending in the Supreme Court of Louisiana. [Doc. 1, p. 6]. Thus, Petitioner has failed to exhaust all available state court remedies. After exhausting all available state court remedies, Petitioner may file a new petition for writ of <u>habeas</u> <u>corpus</u>.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas</u> <u>corpus</u> be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding

under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

      **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 6th day of March, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE